## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS COOK,

        Petitioner,

    v.

WARDEN OF FCI SCHUYLKILL,

        Respondent.

No. 4:26-CV-01113

(Chief Judge Brann)

## MEMORANDUM OPINION

### JULY 22, 2026

Thomas Cook initiated the above-captioned action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He asks the court to order the Federal Bureau of Prisons (BOP) to find him eligible to receive the one-year sentence reduction permitted under the Residential Drug Abuse Treatment Program (RDAP).[1]  For the following reasons, the Court will deny Cook's Section 2241 petition.

## I.    BACKGROUND

Cook is presently serving a 48-month sentence imposed by the United States District Court for the District of Maine for felon in possession of a firearm, 18 U.S.C. §§ 922(g), 924(a)(8), and for distribution of controlled substances, 21

---

[1]  "RDAP, which typically runs for nine months, 'is an intensive drug treatment program' run by the BOP 'for federal inmates with documented substance abuse problems.'" *United States v. James*, 151 F.4th 28, 43 (2d Cir. 2025) (quoting *Reeb v. Thomas*, 636 F.3d 1224, 1225 (9th Cir. 2011)).

U.S.C. § 841(b)(1)(C).[2]  His projected release date, via application of good-conduct time, is August 2, 2028.[3]

In April 2026, Cook lodged the instant form Section 2241 petition.[4]  He paid the filing fee the following month, rendering his petition properly filed.

In his petition, he alleges that the BOP's Program Statement "5162-05" and 28 C.F.R. § "550.55(b)(5)(i)" are inconsistent with federal law.[5]  He maintains that his crimes of conviction—felon in possession and distribution of controlled substances—are nonviolent offenses and thus he should be eligible for the (up to) one-year RDAP sentence reduction permitted under 18 U.S.C. § 3621(e)(2)(B).[6]  He argues that the BOP, by looking beyond whether his offenses of conviction are violent or nonviolent by considering certain policies and sentencing enhancements, violates the letter and spirit of the statutory RDAP sentence-reduction incentive.[7]  Cook asks the Court to find that the BOP's policies and regulations conflict with federal law and to order the BOP to reclassify him as "eligible" to receive the one-year RDAP sentence reduction.[8]

---

[2]   Doc. 6-2 ¶ 3; Doc. 6-3 at 3.
[3]   Doc. 6-3 at 3.
[4]   *See generally* Doc. 1.  This petition appears to be a "fill-in-the-blank" type form petition.
[5]   *Id.* at 1.  It appears that Program Statement 5162.05 has recently been rescinded and replaced by Program Statement 5162.06.  *See generally* U.S. DEP'T OF JUSTICE, FED. BUREAU OF PRISONS, Program Statement 5162.06, Categorization of Offenses (Mar. 19, 2026) [hereinafter "Program Statement 5162.06"], https://www.bop.gov/policy/progstat/5162_006-1.pdf (last visited July 14, 2026).
[6]   Doc. 1 at 1-4.
[7]   *See id.* at 2-4.
[8]   *Id.* at 4.

Respondent timely answered Cook's petition.[9]  Cook did not file a traverse, and the time in which to do so has passed.  His Section 2241 petition, therefore, is ripe for disposition.

## II.   DISCUSSION

Cook contends that the BOP is violating 18 U.S.C. § 3621(e)(2)(B) by relying on its policy statements, its regulations, and inmates' offense conduct— rather than simply looking at the offenses of conviction—to determine whether inmates are eligible to receive the RDAP sentence reduction.  He maintains that the BOP's policies and regulations conflict with Section 3621(e)(2)(B).

Cook's statutory argument misses the mark.  As is plainly indicated by the text of 18 U.S.C. § 3621(e)(2)(A) and (B), when an inmate successfully completes RDAP, his sentence "*may* be reduced by the Bureau of Prisons" by up to one year.[10]  This intentional language (*i.e.*, "may" rather than "shall") reflects that the RDAP sentence reduction is within the discretion of the BOP.[11]  "When an eligible prisoner successfully completes drug treatment, the B[OP] thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment."[12]

---

[9]    *See generally* Doc. 6.
[10]   18 U.S.C. § 3621(e)(2) (emphasis added).
[11]   *See Lopez v. Davis*, 531 U.S. 230, 240-41 (2001).
[12]   *Id.* at 241.

It follows, then, that the BOP may craft policies and regulations to more uniformly exercise its discretion and categorically exclude certain classes of inmates from receiving RDAP sentence reductions, even if those inmates' offenses of conviction are considered nonviolent.[13]  This is, in fact, what the BOP has done.[14]

Contrary to Cook's argument, the BOP's reliance on its policies and regulations does not "conflict with federal law," *i.e.*, the text of Section 3621(e)(2)(B).  Rather, the relevant policies and regulations permit the BOP to uniformly exercise its discretion to exclude inmates with certain offenses or preconviction conduct from receiving the RDAP sentence reduction, regardless of whether the offenses of conviction are classified as violent or nonviolent.[15]

Under 28 C.F.R. § 550.55(b)(5)(ii),[16] the BOP excludes from RDAP sentence-reduction eligibility "[i]nmates who have a current felony conviction for . . . [a]n offense that involved the carrying, possession, or use of a firearm or other dangerous weapon[.]"  And under § 550.55(b)(5)(iii), the BOP excludes "[i]nmates

---

[13]  *See id.* at 243-44 (explaining that "case-by-case decisionmaking in thousands of cases each year could invite favoritism, disunity, and inconsistency," so instead the BOP "may categorically exclude prisoners based on their preconviction conduct").

[14]  *See* 28 C.F.R. § 550.55(b) ("Inmates not eligible for early release.  As an exercise of the [BOP] Director's discretion, the following categories of inmates are not eligible for early release[.]").

[15]  *See Lopez*, 531 U.S. at 243-44; *Taylor v. Warden of FCI Schuylkill*, No. 3:26-cv-408, 2026 WL 579472, at *4-6 (M.D. Pa. Mar. 2, 2026).

[16]  Although Cook cites 28 C.F.R. § 550.55(b)(5)(i), (*see* Doc. 1 at 1), his RDAP early release denial was based on subdivisions (b)(5)(ii) and (b)(5)(iii), (*see* Doc. 1-1 at 1).  This error may be a consequence of Cook using a fill-in-the-blank style petition.

who have a current felony conviction for . . . [a]n offense that, by its nature,

presents a serious potential risk of physical force against the person or property of

another[.]"  Additionally, pursuant to Section 4 of Program Statement 5162.06 and

in accordance with the BOP's discretion, other offenses, even if not classified as a

"crime of violence," may preclude an inmate from receiving certain BOP program

benefits if the offense conduct included the use of force or involved the possession

or use of firearms.  Section 4(b) provides the following example, which is

materially similar to the example contained in the prior Program Statement

5162.05:

> For example, 21 U.S.C. § 841 makes it a crime to manufacture, distribute, or possess with the intent to distribute drugs.  If a dangerous weapon was possessed during commission of the offense, the court would increase the defendant's base offense level by two levels.  This particular [Specific Offense Characteristic (SOC)], possession of a dangerous weapon during the commission of a drug offense, poses a serious potential risk that force may be used against persons or property.  As a result, an inmate who was convicted of violating 21 U.S.C. § 841 and received a two-level SOC enhancement for possession of a firearm has been convicted of an offense that will preclude the inmate from receiving certain Bureau program benefits.[17]

Cook was found ineligible for the RDAP sentence reduction for multiple

reasons.  First, the BOP noted that because he had a Section 922(g) conviction, he

was ineligible for RDAP early release because his offense of conviction "involved

the carrying, possession, or use of a firearm" and "by its nature or conduct,

---

[17]   Program Statement 5162.06 § 4(b).

present[ed] a serious potential risk of physical force against the person or property of another."[18]  That 922(g) offense was also disqualifying based on Program Statement 5162.06 § 4(d) and (e).[19]

In addition, Cook's conviction for distribution of a controlled substance was likewise disqualifying because he had received a "2 level SOC enhancement" from the sentencing court based on the fact that he had "sold the CI 7 firearms."[20]  The BOP thus cited 28 C.F.R. § 550.55(b)(5)(ii) and (b)(5)(iii) in denying Cook's eligibility for early release under Section 3621(e)(2).[21]

Cook's argument that it is unlawful for the BOP to rely on its policy statements, regulations, and his sentencing enhancements to deny eligibility for the RDAP sentence reduction is foreclosed by *Lopez v. Davis*.  In *Lopez*, the Supreme Court of the United States found that the BOP had lawfully exercised its discretion under Section 3621(e)(2)(B) to categorically exclude inmates from RDAP early release eligibility by looking to sentencing enhancements to determine whether an inmate possessed a firearm in connection with the offense of conviction, regardless of whether the offense itself was considered a "crime of violence."[22]  The *Lopez* Court further affirmed the validity of the relevant regulations.[23]

---

[18]  *See* Doc. 6-2 ¶ 9 (citing 28 C.F.R. § 550.55(b)(5)(ii) and (b)(5)(iii)); Doc. 1-1 at 1-2.
[19]  *See* Doc. 1-1 at 1-2.
[20]  *See id.* at 1 (citing Program Statement 5162.06 § 4(b)).
[21]  *See id.* at 1-2.
[22]  *See Lopez*, 531 U.S. at 235-36, 244.
[23]  *See id.* at 233, 244.

Accordingly, Cook's argument that the BOP's reliance on its policies, its regulations, and inmates' sentencing enhancements "conflicts with federal law" is meritless.[24]  The BOP lawfully exercised its discretion to deny RDAP early release eligibility based on Cook's offenses of conviction and his preconviction offense conduct.  His Section 2241 petition, therefore, will be denied.

## III.  CONCLUSION

For the foregoing reasons, the Court will deny Cook's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[24]  Cook also relies on multiple outdated court of appeals cases in his form petition.  *See* Doc. 1 at 3 (citing, *inter alia*, *Roussos v. Menifee*, 122 F.3d 159 (3d Cir. 1997); *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008)).  The Court observes that the Honorable Malachy E. Mannion, in a thorough and well-reasoned opinion, has already explained why these cases are inapplicable and thus unpersuasive with respect to the argument Cook is asserting in his form petition.  *See Taylor v. Warden of FCI Schuylkill*, No. 3:26-cv-408, 2026 WL 579472, at *4-6 (M.D. Pa. Mar. 2, 2026).  The Court thus adopts Judge Mannion's cogent explanation in rejecting Cook's reliance on these outdated cases.